UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                     Case No. 22-CR-261

ALEXANDER E. CRAWFORD, et al.,

    Defendants.

ORDER

At Alexander E. Crawford's arraignment the government stated that it "would ask that this case be designated as a complex case." Based on that statement, the Clerk's Office added to the docket an "Oral Motion for Complex Case Designation," which this court is now required to resolve.

As this court has previously explained, there is no such thing as a motion for a "complex case designation." *See United States v. Doxtator*, 19-CR-98 (E.D. Wis. June 20, 2019), ECF No. 18 at 1 (citing *United States v. Ashford*, 15-CR-108, (E.D. Wis. Oct. 20, 2015), ECF No. 181 at 11; *United States v. Avila-Rodiguez*, 10-CR-163 (E.D. Wis. Nov 18, 2010), ECF No. 34 at 2). Neither the Federal Rules of Criminal Procedure nor the court's

Local Rules recognize such a motion. It is simply shorthand that has developed in this district.

The notion of "designating a case as complex" has long confused the bench and bar alike, *see, e.g.*, *Avila-Rodriguez*, ECF No. 34 (order rejecting defense objections to case designation as "complex"), and perhaps it is time for the shorthand to be abandoned for terminology that better reflects what is actually involved—a request for a pretrial conference.

When the government "requests that a case be designated complex," it is actually requesting a pretrial scheduling conference and nothing more. As such, this should be the language the government uses. Rather than, "The government has requested that the case be designated complex," it would be simpler and more accurate for a prosecutor to say, "The government has requested a pretrial conference."

The procedure for the government to request a pretrial conference is set forth in Crim. L.R. 12(a)(1). "[T]he government must notify the Clerk of Court when the indictment or information is filed that the case may be appropriate for a pretrial scheduling conference…." Crim. L.R. 12(a)(1). The routine manner in which the government does so is to check the "Yes" box next to the question, "Pretrial Scheduling Conference Necessary?" on the Information Sheet filed with the Indictment. If the government waits until the arraignment to request a pretrial conference, it is too late. At that point, the Rule permits only the defendant to request a pretrial conference.

2
Case 2:22-cr-00261-LA-WED   Filed 01/04/23   Page 2 of 3   Document 29

Here, the government proceeded as it should have. It requested a pretrial conference on the information sheet. (ECF No. 11-1 at 1.) Therefore, rather than issuing its standard pretrial order, the court stated at the arraignment that a conference would be scheduled. Nonetheless, the government stated it "would ask that this case be designated as a complex case."

But because "complex" means merely "pretrial conference," and the court had already said it will schedule a pretrial conference, the government's request was unnecessary. Therefore, the motion is moot. Insofar as the motion is not moot, it is denied. No such motion for a complex case designation is recognized under federal law.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 4th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge